**In the Matter of CENTURY GLOVE, INC., Debtor.**

**Bankruptcy No. 85–438.**

United States Bankruptcy Court, D. Delaware.

July 13, 1988.

P. Clarkson Collins, Jr., Wilmington, Del., for debtor.

Peter J. Walsh, Wilmington, Del., for FAB.

BENCH DECISION REGARDING DOCKET # 's 441 and 448

HELEN S. BALICK, Bankruptcy Judge.

The issue before the court is whether a proposed settlement on an objection to a proof of claim should be approved. Century objected to the claim of Latham Four on the ground that its claim exceeded the dollar amount permitted under 11 U.S.C. § 502(b)(6). Century and Latham have reached an agreement which reduces the amount of Latham's claim from $142,623.84 to $38,957.38. They further agreed that Latham is not entitled to vote an amount in excess of its amended claim with respect to Century's plan of reorganization. FAB, another creditor, objects to the latter portion of the proposed settlement. FAB does not dispute that Latham's claim as originally filed exceeded that which is permitted by statute and that the stipulated settlement corrects that problem. The gist of its ar-

gument is that it is now too late for a change in Latham's previous vote rejecting the plan as a creditor holding an allowed claim of $142,623.84.

Latham's claim to which Century filed its objection on February 5, 1988, had been filed on January 21, 1986. In the interim period, the debtor's disclosure statement was approved and the debtor mailed its first amended plan with ballots to its creditors. January 26, 1987 was established as the time within which creditors could cast their vote accepting or rejecting that plan. FAB and the debtor each solicited Latham for its vote. In response to FAB's solicitation, Latham cast a rejection ballot.

Confirmation hearing originally scheduled for January 1987 has not been rescheduled because of litigation following a series of motions Century filed to invalidate rejection ballots of four creditors, including Latham, and to seek sanctions against FAB for alleged improper solicitation. Latham's vote was invalidated at the bankruptcy level and reinstated by the District Court. The question of its validity is presently before the Circuit Court of Appeals. During pendency of that appeal, the parties have sought rulings which this court believes impinges upon the matters on appeal and consequently has refused to rule.

The issue raised by the objection to the stipulated settlement is related to voting but does not bear on whether the vote should be counted or not. The question is whether the vote should be counted at $142,623.84 or $38,957.38 if FAB is successful at the Circuit level. If FAB is unsuccessful, the question is moot.

At the time Latham filed its ballot rejecting the plan, its claim was deemed allowed at $142,623.84 under 11 U.S.C. § 502(a). As the holder of such claim, it had the right to vote that amount under § 1126(a) for the purpose of it being counted under subsection (c). Century attacked that vote under subsection (e) on the theory that the vote was improperly solicited. It did not object to Latham's claim under Bankruptcy Rule 3007 until after the District Court had ruled the vote was valid.

Neither the Code or Rules establish a deadline for objecting to a creditor's claim nor does FAB contend that an objection cannot be successfully made subsequent to the close of balloting to establish for distribution purposes an amount different from that claimed.

FAB does contend that any change in a vote count is prohibited because at the time of the vote Latham voted a deemed allowed claim and Bankruptcy Rule 3018 mandates that any change or withdrawal of an acceptance or rejection can be made only upon notice and hearing within the time fixed for such acceptance or rejection of the plan.

Bankruptcy Rule 3018 was designed to give all creditors, even those holding disputed claims, the opportunity to vote and provided the means of accomplishing this. The prohibition against change or withdrawal of acceptance or rejection within the time fixed for acceptance or rejection and only for cause, following notice and hearing, is for the expeditious resolution of any question as to why the change. It is intended to protect all interested parties from the effect of any improper acts taken by anyone to influence another creditor to change a filed vote from acceptance to rejection or vice versa or to withdraw a vote.

 It does not follow that Bankruptcy Rule 3018 prohibits the change in the weight of a vote subsequent to the close of voting when as a result of a sustained objection or an agreement, the claim as originally voted is found to be contrary to specific limiting provisions of the Code because of the nature of the claim, that is a landlord's claim for damages, and not merely a dispute as to an amount due on an open account. A vote is not sacrosanct simply because the voting period has closed.

This conclusion is supported by analogy to § 1126(e) which permits, for cause, an attack against a vote subsequent to the close of voting. Moreover, § 502(j) authorizes the reconsideration, for cause, of the allowance or disallowance of a claim.

Upon reconsideration its allowance or disallowance should be in accordance with the equities of the case. The purpose of § 502(b)(6) is to limit a landlord's claim to compensate for loss but to prevent a claim so large as to be a detriment to the other unsecured creditors. That detriment might be something other than a dollar distribution such as here where it may have a bearing on a class accepting or rejecting a plan. The effect of a reduction in the dollar amount has not been voiced by the parties nor does the court know what effect such a reduction will work. Furthermore, that result is not relevant to the issue presently before the court which is whether the settlement as presented should be approved or disapproved.

The settlement does not change the vote; it reduces the value of the vote to that amount which Latham may claim as damages under a specific limiting provision of the Code. Under these specific facts and circumstances, the proposed settlement is fair and equitable. FAB's objection is dismissed. The so ordered clause on the settlement stipulation will be signed today.